UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SEAN NEWBOLD, LEXIE FRIESEN and
JARED LEAMAN,

               Plaintiffs,

                                         Case No. 23-cv-0544-bhl

   v.

HEALTHEQUITY INC, JON KESSLER, and
LAURIE LEHMAN,

               Defendants.

## ORDER TRANSFERRING CASE TO DISTRICT OF UTAH

      Plaintiffs Sean Newbold, Lexie Friesen, and Jared Leaman are Utah residents. Each was formerly employed in Utah by a Utah company, Defendant HealthEquity, Inc. (HealthEquity). They have retained Utah-based counsel to pursue employment discrimination claims against HealthEquity and two of its executives, President and CEO Jon Kessler, a citizen of California, and Laurie Lehman, a citizen of Wisconsin who served as Vice President of Data Integration Services. Despite Utah's overwhelming connections to this case, Plaintiffs chose to file their complaint in the Eastern District of Wisconsin. In a pre-suit email exchange, Plaintiffs' counsel made clear she was avoiding Utah (previously planning to sue in Chicago) to secure what she thought was favorable Seventh Circuit precedent and to increase the litigation burden on Defendants' chosen counsel. Defendants responded to this forum shopping with a litany of motions, including a request that the Court exercise its discretion under 28 U.S.C. § 1404(a) to transfer this case to the District of Utah.[1] When the Court set a hearing on the motions, the parties jointly requested that the hearing be conducted by videoconference given that all counsel reside in

---

[1] Defendants' other motions include a motion to dismiss by Kessler for lack of personal jurisdiction, (ECF No. 17), a Rule 12(b)(6) motion to dismiss all claims by all Defendants, (ECF No. 19), a motion to sever by HealthEquity and Lehman, (ECF No. 27), and a motion by HealthEquity and Lehman to dismiss for improper venue (made in the alternative to their request for a transfer). (ECF No. 38.) With apologies to the District of Utah judge who inherits this case, the Court will decline to rule on most of these other motions, the merits of which may be affected by a change in venue.

Utah and "a virtual hearing would be the most cost-effective." (ECF No. 56 at 1.) As counsel's hearing request demonstrates, reasons of convenience and the interests of justice both compel the transfer of this case to the District of Utah.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs Newbold, Friesen and Leaman are all Utah residents. (ECF No. 11 ¶¶6, 8, 10.) Each was formerly employed by Defendant HealthEquity, a corporation headquartered in Utah. (*Id.* ¶¶7, 9, 11–12.) Defendant Kessler is President and CEO of HealthEquity and a resident of California. (*Id.* ¶¶13–14.) Defendant Lehman was Vice President of Data Integration Services at HealthEquity and is a resident of Milwaukee, Wisconsin. (*Id.* ¶¶15–16.)

This case had a predecessor. On June 17, 2022, Newbold filed suit against HealthEquity, Kessler, Lehman, and another HealthEquity employee, Phillip Taylor, in the District of Utah. In that case, Newbold alleged a single claim for FMLA retaliation. *See Newbold v. Healthequity, Inc.*, No. 2:22-cv-00412-TS-JCB, 2022 WL 14644645, at *1 (D. Utah. Oct. 25, 2022). After Defendants moved to dismiss, Newbold asked that his complaint be dismissed without prejudice, stating his intent to file a new complaint in Chicago, Illinois. *Id.* at *2. He explained he wished to join Friesen and Leaman as plaintiffs and add new factual allegations and legal claims. *See id.* The court granted Newbold's request on October 25, 2022. *Id.* at *3.

On September 14, 2022, while the Utah case was still pending, Newbold's counsel, Attorney Laura Nielson of G Eric Nielson & Associates, exchanged emails with HealthEquity's counsel, Attorney Mark Tolman of Parsons Behle & Latimer. (ECF No. 39-1 at 7–9.) Attorney Nielson explained her client's desire to change venues as follows:

> I forgot to mention that the reason we want to move to Chicago is the caselaw—I don't know if you saw *Ziccarelli v. Dart*, but it helps us out on Jared Leaman's portion of the suit. . . . But more to the point, your firm does not do business in Chicago. It is extremely tedious and difficult to be admitted pro [hac] vice, trust me. There is no reason to appoint you as an attorney to the suit if we move to Chicago—why not just hire a firm there? You will have yielded no wins but wasted the company money if we move to Chicago, where they will have two new Plaintiffs and more money at stake for them to lose. Best case scenario, if you find a firm to tag you in, that's two firms HealthEquity had to pay when one would have sufficed here, and they could have saved themselves two new Plaintiffs suing them.

(*Id.* at 7 (case name italicized).)

On April 28, 2023, Plaintiffs Newbold, Friesen, and Leaman filed this case in the Eastern District of Wisconsin. (ECF No. 1.) Their May 25, 2023 amended complaint alleges violations of the FMLA, Title VII, and the Pregnancy Discrimination Act. (ECF No. 11.) While both sides have retained local Wisconsin counsel, each has retained the same lead counsel from Newbold's original Utah case. The amended complaint alleges that Defendant Lehman, located in Milwaukee, Wisconsin, and Taylor (not named in this suit), located in Chicago, Illinois, discriminated against each Plaintiff in various manners violative of federal law. (*See id.*) The amended complaint also alleges that Defendant Kessler was aware of Lehman's and Taylor's discriminatory actions and failed to take action. (*Id.* ¶¶108–120.)

## LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district courts to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The moving party bears the burden of establishing "that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219–20 (7th Cir. 1986).

## ANALYSIS

**I. The Court Will Exercise Its Discretion Under 28 U.S.C. § 1404(a) and Transfer this Case to the District of Utah.**

In considering a Section 1404(a) motion, the Court "must evaluate both convenience of the parties and various public-interest considerations." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 62 (2013). "The convenience factor is a placeholder for private interest considerations, and the interest of justice factor is a placeholder for public interest considerations." *Kubin-Nicholson Corp. v. Gillon*, 525 F. Supp. 2d 1071, 1075 (E.D. Wis. 2007). The moving party bears the burden of establishing "that the transferee forum is clearly more convenient." *Coffey*, 796 F.2d at 219–20.

As a threshold question, the Court must first determine that venue is proper in the transferee court. Venue is appropriate in a judicial district in which "a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(2). The instant case involves three Utah residents suing their Utah-based employer for alleged discriminatory actions

that occurred during Plaintiffs' employment with HealthEquity in Utah. Any discriminatory act alleged in the complaint therefore occurred and affected Plaintiffs in Utah. Indeed, Plaintiffs do not dispute that venue is appropriate in Utah. (ECF No. 50 at 3.) Accordingly, venue is proper in the District of Utah.

### A. Transfer Is Convenient for the Parties and Witnesses.

Factors in evaluating convenience under Section 1404(a) include (1) plaintiff's choice of forum; (2) convenience of the parties; (3) convenience of non-party witnesses; (4) the location of material events; and (5) ease of access to evidence. *Research Automation, Inc. v. Schrader-Bridgeport Intern., Inc.*, 626 F.3d 973, 978 (7th Cir. 2010); *Sportsman Channel, Inc. v. Small Grp., Inc.*, No. 08-CV-65, 2008 WL 2909811, at *4 (E.D. Wis. July 25, 2008). Plaintiffs' choice of forum is generally entitled to deference, but that deference is "substantially reduced" when plaintiffs do not reside in the district in which they bring suit. *Johnson v. United Airlines, Inc.*, No. 12 C 5842, 2013 WL 323404, at *5 (N.D. Ill. Jan. 25, 2013) (citing *Fed. Deposit Ins. Corp. v. Citizens Bank & Trust Co. of Park Ridge*, 592 F.2d 364, 368 (7th Cir. 1979)). "The more tenuous a party's relation to the forum, the weaker its case for litigating there." *U.S.O. Corp. v. Mizuho Holding Co.*, 547 F.3d 749, 752 (7th Cir. 2008). Evidence of forum shopping or bad faith may also count against plaintiffs' choice of forum. *Research Automation*, 626 F.3d at 979 n.2 (citing *IFC Credit Corp. v. Aliano Bros. Gen. Contractors, Inc.*, 437 F.3d 606, 609–10 (7th Cir. 2006)).

Plaintiffs' choice of forum is entitled to no weight here. Plaintiffs have chosen to litigate in a forum in which they have no ties. Even worse, evidence shows Plaintiffs' decision to litigate here, rather than Utah, was motivated by a desire to forum shop. In a September 14, 2022 email, Plaintiffs' counsel indicated a desire to file outside of Utah and in this circuit (albeit Chicago not Milwaukee) because Seventh Circuit law is more friendly to Plaintiff Leaman's claims. (ECF No. 39-1 at 7.) Attorney Nielson continued her email by emphasizing that defense counsel's firm did not have an office in Chicago, and it would increase costs to Defendants if she filed outside Utah. (*Id.*)

This is blatant forum shopping and arguably bad faith conduct that violated Federal Rule of Civil Procedure 11. Counsel who signs a pleading certifies that she is filing it in good faith and not for an improper purpose. Choosing to file in a jurisdiction that has limited connections to a dispute to burden an opponent and opposing counsel is not a proper purpose. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) ("[T]he plaintiff may not, by choice of an inconvenient forum,

'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy."); *see also* Fed. R. Civ. P. 11(b)(1). At a minimum, this tactic takes away any weight the Court would ordinarily give to a plaintiff's choice of forum. *See Research Automation*, 626 F.3d at 979 n.2. Counsel insists that "Plaintiffs have a right to select the forum most appropriate for their needs." (*See* ECF No. 50 at 11.) While this is generally true, it does not apply when the Plaintiffs' "needs" are a desire to burden their adversaries. And when the record shows that Plaintiffs' motives for their choice of forum are unrelated to any connection between their claims and that forum, Plaintiffs choice of forum is due no deference from the Court. *See Boyer v. BNSF Ry. Co.*, 824 F.3d 694, 699–700 (7th Cir. 2016).[2]

      Plaintiffs' attempt to blame opposing counsel for the inconvenient forum falls short. In opposition to the motion, Plaintiffs argue that they filed in a different forum only because Defendants' counsel moved to dismiss the earlier complaint and rejected an opportunity to withdraw the motion in exchange for an agreement to stay in Utah. (ECF No. 50 at 11.) But Defendants' counsel had every right (and perhaps even a duty to their clients) to challenge the sufficiency of the Utah complaint, just as they had every right to move for a transfer in this court. Plaintiffs' argument that Defendants are the ones guilty of forum shopping is similarly misplaced. (*Id.* at 13.) Plaintiff Newbold dismissed the Utah case after his counsel threatened to move the lawsuit to the Seventh Circuit and then followed through on the threat. And while the parties may have been better served if Defendants had requested a transfer of venue immediately, Plaintiffs do not (and cannot) suggest that the request for transfer is improper or untimely.

      The convenience of the parties is best served by a transfer to the District of Utah. Each Plaintiff is a Utah citizen who was employed in Utah by Defendant HealthEquity, a Utah corporation. In fact, Plaintiffs have pleaded no ties to Wisconsin whatsoever. And while Defendant Lehman is a Wisconsin resident, HealthEquity is headquartered in Utah (where, again, Plaintiffs were all employed) and Defendant Kessler has only tenuous ties to Wisconsin. Kessler has raised serious questions about whether he is subject to personal jurisdiction in this Court. (ECF Nos. 18 & 35.) Without resolving that motion, which becomes moot by the Court's decision to

---

[2] The record does not establish why Plaintiffs ultimately chose to file in the Eastern District of Wisconsin rather than a federal court in Chicago, Illinois. But their stated motives seem to apply equally to a lawsuit filed in this district and counsel has not provided an alternate, legitimate rationale.

transfer the case, it is clear that litigating this case in Utah would be significantly more convenient for *all* parties, including Plaintiffs.

Plaintiffs appeal to the Court's sympathies by raising Plaintiff Leaman's cancer diagnosis and suggesting that a transfer might "create further delay." (ECF No. 50 at 12.) If anything, this fact cuts in favor of a transfer, which will substantially reduce the likelihood of burdensome travel for Leaman. Indeed, when the Court set a hearing on the five pending motions in this case, Plaintiffs joined Defendants in asking for a virtual hearing, which they agreed "would be the most cost-effective form of the hearing for both parties." (ECF No. 56 at 1.) The Court can hardly conceive of a more telling admission that this forum is inconvenient for the parties. When presented the opportunity to argue multiple motions vital to the ultimate disposition of this matter, the parties unanimously decided that arguing their case in person was not worth the expense and inconvenience of their counsel traveling to Wisconsin, expenses and inconvenience that simply would not exist in Utah, where lead counsel for both sides are based.

Moreover, the inconvenience to Plaintiffs is likely to increase if this case is allowed to progress to discovery in this Court. As Defendants point out, Federal Rule of Civil Procedure 30(b)(1) "allows the party noticing [a] deposition to choose the time and place." *Chaudhuri v. Int'l Bus. Machs. Corp.*, No. 18-cv-508-pp, 2020 WL 488863, at *4 (E.D. Wis. Jan. 30, 2020); (ECF No. 39 at 19 n.12.) Under this rule, plaintiffs are generally required to make themselves available for deposition in the district in which they brought suit. *Chaudhuri*, 2020 WL 488863, at *4 (citing Wright & Miller, 8A Federal Practice & Procedure § 2112 at 527). Of course, Plaintiffs would likely have good cause to oppose being deposed in Wisconsin. *See* Chaudhuri, 2020 WL 488863, at *4 (granting plaintiff's request for a virtual deposition when travel would pose a significant financial and physical hardship). After all, it would create needless expense to have Defendants' Utah-based counsel depose three Utah residents represented by Utah-based counsel in Wisconsin. And doubtless, Plaintiff Leaman would also face needless physical hardship if called to a deposition in Wisconsin that could more easily be taken in Utah, or virtually. But again, this underscores why the District of Utah is the more convenient forum. Depositions taken in Utah would be convenient for all parties. Depositions taken in Wisconsin are not.

Plaintiffs' most compelling (or perhaps their least bad) argument against transfer is the convenience of non-party witnesses. In evaluating the convenience of the witnesses, the Court considers the number of witnesses located in each forum, the importance of their testimony, the

availability of compulsory process for unwilling witnesses, and the cost of obtaining attendance for willing witnesses. *See Atl. Marine*, 571 U.S. at 62 n.6; *Sportsman Channel*, 2008 WL 2909811, at *5. Convenience of the witnesses is often considered "the most important factor" in weighing transfer, but that is less true when, as here, the convenience of the parties weighs heavily in favor of transfer. *See Rose v. Franchetti*, 713 F. Supp. 1203, 1214 (N.D. Ill. 1989) (citing Wright & Miller, 15 Federal Practice & Procedure, § 3851 at 264 (1976)).

Defendants identify with specificity ten non-party witnesses likely to be called. Two reside in Wisconsin, one in Illinois, one in Florida, and the final six in Utah. (ECF No. 39 at 7–11.) The Florida witness and three of the Utah witnesses are current HealthEquity employees. (*Id.*) The parties debate the relevance of each witness's testimony, with Plaintiffs intent on showing that the Wisconsin and Illinois witnesses' testimonies are vital and Defendants intent on discounting their importance in favor of the Utah witnesses. (*See id.* at 22–25; ECF No. 50 at 8–11; ECF No. 54 at 9–12.) The Court need not parse the specifics of each witness's potential testimony and weigh its relative importance. Both sides have sufficiently identified at least some witnesses in each forum whose testimony will be of considerable import. And Plaintiffs have credibly asserted that the two Wisconsin and one Illinois witnesses, all former HealthEquity employees, are unlikely to testify willingly and will therefore need to be subpoenaed. (ECF No. 50 at 10.) But the case will remain in federal court, which will allow all the witnesses to be subpoenaed for deposition testimony. *See In re Hudson*, 710 F.3d 716, 719 (7th Cir. 2013) ("[W]itnesses can be deposed, examined, and cross-examined remotely and their videotaped testimony shown at trial."); Fed. R. Civ. P. 45(b)(2) ("A subpoena may be served at any place within the United States."). And there is no dispute that Utah will be a more convenient forum for a significant number of witnesses, both non-party and party.

The other convenience factors also weigh in favor of transfer. While Plaintiffs allege that Defendant Lehman engaged in discriminatory actions while working for HealthEquity in Wisconsin, they cannot credibly claim that the bulk of events material to this matter occurred anywhere but Utah. Plaintiffs all worked for HealthEquity in Utah. Every allegation that they claim forms the basis of their claims happened to them in Utah. And while documents can readily be scanned and emailed, the bulk of tangible documents and evidence relevant to the case are no doubt located in Utah. While not particularly relevant in this modern age of digital technology,

this fact also weighs in favor of transfer. *See In re Hudson*, 710 F.3d at 719 (discussing the changes to convenience analysis in "our age of advanced electronic communication").

### B. Transfer Is Also in the Interest of Justice.

The "interest of justice" is a placeholder for public interest factors relating to the efficient administration of the court system. *Research Automation*, 626 F.3d at 978. These factors include docket congestion and likely speed to trial in each forum, each court's familiarity with the relevant law, the desirability of resolving controversies in each forum, and the relationship of each forum's community to the controversy. *Id.*

Neither party gives significant attention to these public interest factors. Plaintiffs, in fact, do not address them at all. Defendants simply note the similar number of cases filed in each forum between June 2021 and June 2022 (1089 in this Court and 1068 in the District of Utah), while the District of Utah had a slightly longer median time to disposition during that same period (12.2 months in Utah; 9.8 in this Court). (ECF No. 39 at 25 n.16.) Defendants also, in cursory fashion, assert that "Utah has a weightier interest in adjudicating this dispute," given the state's more substantial ties to the parties, witnesses, and material events in this case. (*Id.* at 25–26.) The Court agrees with Defendants that to the extent the public interest plays into the transfer equation, this case should proceed in Utah. Both districts have roughly the same caseloads and dispose of cases at a reasonable pace. Both courts will be equally familiar with the federal law applicable to Plaintiffs' claims. But Utah has a stronger community interest in the controversy. The Plaintiffs are all Utah residents, suing a Utah-based corporation for employment discrimination. Presumably, the state of Utah has a stronger interest in the adjudication of that controversy than Wisconsin, whose only meaningful tie to the case is a single resident defendant, whose involvement stems entirely from actions as an executive for the Utah-based HealthEquity. While public interest factors are not particularly relevant in this case, the Utah community has a stronger connection to the subject of the litigation.

### CONCLUSION

Having concluded that transfer to the District of Utah is substantially more convenient for the parties and witnesses and (at least slightly) in the interest of justice, the Court finds it appropriate to transfer this case under Section 1404(a). As stated above, Defendants' Rule 12(b)(6) and severance motions are more properly decided by the transferee court, so they will remain pending.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants HealthEquity and Laurie Leahman's motion, in the alternative, for transfer pursuant to 28 U.S.C. § 1404(a), ECF No. 38, is **GRANTED**. This matter is hereby transferred to the District of Utah.

Dated at Milwaukee, Wisconsin on February 7, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge